UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **EXPERIAN MARKETING SOLUTIONS, INC.**, a Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>**JEREMY LEHMAN**, an individual; **THORIUM DATA SCIENCE, LLC**, a Michigan limited liability company,<br><br>        Defendants. | CASE NO. 1:15-CV-476<br><br>HON. ROBERT HOLMES BELL |

## DECLARATION OF RICHARD CUYLER ROBINSON

I, Richard Cuyler Robinson, am of full age and under no disability and state the following based upon my personal knowledge in support of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss:

1. I am a Director of Legal Technology Solutions for Navigant Consulting, Inc. ("Navigant").

2. In February, 2015, Navigant was retained by Greensfelder, Hemker & Gale, P.C., counsel for Experian Marketing Solutions, Inc. ("Law Firm") and Experian Marketing Solutions, Inc. ("Experian") to provide independent privileged digital forensic investigative and consulting services related to matters now at issue in this lawsuit.

3. I have personal knowledge of the facts stated herein.

4. Law Firm instructed Navigant to make copies of data on computers and other devices provided by Jeremy Lehman ("Lehman").

5. Navigant took custody of a Samsung Notebook with manufacturer's serial number JLLR91HF500011L and containing a Samsung solid state drive with manufacturer's serial number

S1FLNEAF401764; a Nokia 909 (Lumia 1020) Windows Phone and a custom-built desktop computer containing a Crucial solid state drive with manufacturer's serial number 1248091EBC62, a Seagate hard drive with manufacturer's serial number S1DA3L2W, and a Western Digital hard drive with manufacturer's serial number WMATV3903611 (the "Lehman Devices") from Lehman at Varnum LLP's office at 333 Bridge Street NW Grand Rapids, Michigan 49504 on February 23, 2015.

6. Navigant forensically copied the data stored on each of the Lehman Devices on February 23, 2015 and February 24, 2015.

7. Navigant collected data stored within Lehman's cloud storage websites and email accounts jeremy.lehman@thorium3.com, jeremyjlehman@gmail.com, jeremy.lehman@hotmail.com, and jeremyj_lehman@hotmail.com ("Lehman Accounts") on March 19, 2015, March 20, 2015 and March 23, 2015.

8. The data stored on and collected from the Lehman Devices and Lehman Accounts is collectively referred to as the "Lehman Data."

9. On February 23, 2015, Lehman's counsel provided Law Firm and Navigant with five attorney names to use to identify potentially privileged documents within the Lehman Data. A copy of the five attorney names sent to Law Firm and Navigant is attached as Exhibit A.

10. Navigant reviewed the five attorney names and created twenty-two privilege search terms from these names ("Privilege Search Terms.")  A copy of the final list of Privilege Search Terms is attached as Exhibit B.

11. Navigant used electronic discovery software to search the Lehman Data and identify documents and data for review by Law Firm and Experian.

12. Law Firm provided Navigant with a list of search terms ("Search Terms") to use to identify relevant documents within the Lehman Data. A copy of the Search Terms Navigant received from Law Firm is attached as <u>Exhibit C</u>.

13. Navigant searched the Lehman Data using the Search Terms and identified any document containing a Search Term as a relevant document ("Relevant Documents.")

14. Navigant then searched the Relevant Documents and 76 documents from Lehman's smartphone using the Privilege Search Terms and identified the documents that contained a Privilege Search Term as privileged documents ("Privileged Documents.")

15. Privileged Documents were withheld from review Law Firm and Experian.

16. On March 17, 2015, Navigant granted Law Firm access to the Lehman Data that contained a Search Term and documents from Lehman's smartphone but not documents that contained a Privilege Search Term.

17. On March 19, 2015, Navigant identified a folder on Lehman's Samsung Notebook computer named "Attorney Client." The complete folder name was "C:\Users\Jeremy\Documents\Outlook Files\jeremy.lehman@thorium3.com.pst\Top of Outlook data file\Inbox\Attorney Client."

18. On March 19, 2015, Navigant confirmed that all of the documents saved within the "Attorney Client" folder were marked as Privileged Documents and were not accessible to Law Firm or Experian.

19. On March 19, 2015, Navigant added "privilege*" to the Privilege Search Terms. This additional privilege search term contained a wild card character and would match documents containing the words "privilege" or "privileged."

20. On March 19, 2015, Navigant conducted a search for documents containing the term "privilege" and withheld those documents from review by Law Firm and Experian.

21. The document marked Exhibit 46 to Plaintiff's Complaint (Doc #1-46), which bears the Control Number "CONTROL0000001918", does not contain a Privilege Search Term or the additional term "privilege."

22. Exhibit 46 was not located within the "Attorney Client" folder.

23. Exhibit 46 was not attached to an email.

24. Exhibit 46 was a Microsoft Word document named "Facts and Response to Experian Claim.docx" and saved within a folder named "C:\Users\Jeremy\Documents\Dispute" on Lehman's Samsung Notebook computer.

I, Richard Cuyler Robinson, declare under penalty of perjury, that the foregoing is true and correct.

Executed on the 28th day of July, 2015.

_____
Richard Cuyler Robinson

4