# EXHIBIT A

**From:** Bylsma, Jon M. [mailto:jmbylsma@varnumlaw.com]
**Sent:** Monday, February 23, 2015 10:43 AM
**To:** Susan M. Benton
**Subject:** RE: Jeremy Lehman

Sue,

All of these people are attorneys.  Beth Skaggs is with my firm.  The others are with other firms and with who Mr. Lehman approached for the purpose of legal advice related to this matter.

**Jon M. Bylsma**
Direct: 616 / 336-6530
Cell: 616 / 481-0488



| | |
|---|---|
| Varnum | Main: 616 / 336-6000 |
| 333 Bridge Street NW | Fax: 616 / 336-7000 |
| Grand Rapids, Michigan 49504 | www.varnumlaw.com |

---

**From:** Susan M. Benton [mailto:sbenton@greensfelder.com]
**Sent:** Monday, February 23, 2015 11:40 AM
**To:** Bylsma, Jon M.
**Cc:** Turner, Abril; Nate Schnader
**Subject:** RE: Jeremy Lehman

Thanks Jon.  Could you please identify the positions of the people you have listed (other than yourself)?

**From:** Bylsma, Jon M. [mailto:jmbylsma@varnumlaw.com]
**Sent:** Monday, February 23, 2015 10:38 AM
**To:** Susan M. Benton
**Cc:** Turner, Abril; Nate Schnader
**Subject:** RE: Jeremy Lehman

Sue,

The names for attorney client privilege are:

Peter Krupp
Rhett Pinsky
Benjamin Symko
Elizabeth (Beth) Skaggs

Jon Bylsma

Today Mr. Lehman will be producing a laptop, a phone, and a desktop pc.  I will call you shortly.

**Jon M. Bylsma**
Direct: 616 / 336-6530
Cell: 616 / 481-0488

| | |
|---|---|
| Varnum | Main: 616 / 336-6000 |
| 333 Bridge Street NW | Fax: 616 / 336-7000 |
| Grand Rapids, Michigan 49504 | www.varnumlaw.com |

---

**From:** Susan M. Benton [mailto:sbenton@greensfelder.com]
**Sent:** Monday, February 23, 2015 8:17 AM
**To:** Bylsma, Jon M.
**Cc:** Turner, Abril; Nate Schnader
**Subject:** Re: Jeremy Lehman

Jon,

Ok we will plan on 200 pm. You told me on our call last week that Jeremy had an assistant for Thorium. I look forward to hearing how that has changed.

What devices will be available at 200?

I look forward to speaking with you this morning. I have a meeting at 900 CT and hopefully will be available to talk by 1030 CT/1130 ET.

Sue

Susan Benton
Greensfelder, Hemker & Gale, PC
200 West Madison, Suite 2700
Chicago, IL 60606
312-419-9090
312-345-5087 direct


On Feb 23, 2015, at 7:12 AM, "Bylsma, Jon M." <jmbylsma@varnumlaw.com> wrote:

> Sue,
>
> I suggest that Mr. Schnader target 2:00, and hopefully we can talk before then.  I will be in a meeting until about 11:00 and will try to call then.

So that this misunderstanding does not persist, Mr. Lehman does not and has not had an assistant.  We can discuss further when we get a chance to talk today.

**Jon M. Bylsma**
Direct: 616 / 336-6530
Cell: 616 / 481-0488

<image001.gif>

| | |
|---|---|
| Varnum | Main: 616 / 336-6000 |
| 333 Bridge Street NW | Fax: 616 / 336-7000 |
| Grand Rapids, Michigan 49504 | www.varnumlaw.com |

---

**From:** Susan M. Benton [mailto:sbenton@greensfelder.com]
**Sent:** Sunday, February 22, 2015 11:24 AM
**To:** Bylsma, Jon M.
**Cc:** Turner, Abril; Nate Schnader
**Subject:** Re: Jeremy Lehman

Jon,

Nate Schnader (copied here) will be at your offices at noon ET tomorrow to clone all the devices of Jeremy Lehman and the Thorium assistant you identified.  Please detail the devices Lehman is making available and the name and devices of the Thorium assistant.

Thank,
Sue

Sent from my iPad

On Feb 20, 2015, at 5:41 PM, "Susan M. Benton" <sbenton@greensfelder.com> wrote:

> Thanks Jon,
>
> As we discussed, to complete an effective investigation, Experian needs access to *all* Thorium Data Sciences data without any restriction in the data provided to the third party forensic expert, Navigant Consulting.  Jeremy Lehman is the founder and principal of Thorium Data Sciences and there is no reason why he alone cannot provide access to *all* Thorium data through all Thorium3 domains and subdomains.
>
> Once all the data is collected, limitations will be imposed on the review of that data through application of search terms.  The

limitations you reference re Cevant and Trevor Watkin's client are not acceptable. Abril Turner laid out the protocol in her email to Jeremy last Friday, Feb. 13, 2015 (pasted below):

> In conducting discovery under the CFAA, the standard protocol is to retain a third party forensic expert to collect and make a mirror image of the devices which may contain relevant information, to subject the data extracted from those devices to search using specified key words, and to review data extracted with the key word search.  To maintain the integrity of the data it is critical that the expert have access to the intact device with no data deletions.  We cannot accept partial production from you or your attorney.  Be assured we have no interest in reviewing your personal photos.  It is unlikely that the specified key words will flag any personal data for further review.  Data covered by the attorney-client privilege can be identified and sequestered before the data search begins using key words agreed upon by counsel. Additionally, the parties can agree that the privilege is not waived by the third party forensic analyst's access to privileged communications.

We offered and you agreed use of search terms to identify and sequester privileged communication which will not be reviewed by Navigant, Experian or Experian counsel.  You told me that you have a list of names which should easily accomplish this.  Please provide that list.

You state "Regarding git.thorium3.com and jira.thorium3.com (both of which are redirected by Network Solutions to Amazon Web Services), Trevor has agreed to provide a read only account."  As we discussed  and as set forth in the Feb. 13 email, a read-only account is not acceptable.  Again, we can agree on search terms which will pull out and sequester the data of "Trevor's client" which will not be reviewed by Navigant, Experian or Experian counsel.

As Experian told Jeremy by two emails last week, sensitive personal information and personal photos are not among the data we are seeking. Abril Turner laid out the specific protocol  in her Feb. 10 email to Jeremy Lehman:

> [W]e are sensitive to your concerns regarding your communications with your wife and children regarding financial matters, your communications relating to your health and the health of your family members and your personal photographs ("Sensitive Data"). The Sensitive Data generally is not relevant to Experian's ongoing investigation.  To the extent that Sensitive Data is contained within the data and information we have requested, it likely will not be identified under the search terms Experian will run as part of its investigation. I can assure you that the search terms applied to the data will not include terms directed at identifying Sensitive Data.
>
> In the event that the search terms identify documents which include Sensitive Data, we will agree to treat such Sensitive Data as confidential, in the same way the Sensitive Data would be treated as

> confidential under a protective order if we request the data and information in discovery as part of a litigation matter asserted against Thorium and you.
>
> To that end, Experian would agree to the following regarding Sensitive Data contained in the data and information you provide in response to Experian's email request dated February 6, 2015:
>
> - Experian will be permitted to access Sensitive Data for purposes of investigating this matter and prosecuting this matter if necessary.
>
> - Experian will take all reasonable steps to ensure that Sensitive Data is not used or disclosed for any purpose other than this investigation and potential litigation.
>
> - Within 45 days following the close of this investigation, provided that no related litigation is instituted, Experian shall return all Sensitive Data to you, or shall destroy any and all copies of Sensitive Data.

We have prepared an affidavit for execution by Trevor Watkins to authorize Network Solutions to send all Thorium3.com data hosted by Network Solutions to Navigant. You suggest that we also need to access the data Network Solutions redirects to Amazon Web Services. Please immediately provide details of who is authorized to access all Thorium3.com data redirected to Amazon Web Service. If Watkins is so authorized we can expand the Watkins' affidavit to include authorization to Amazon Web Services to release all Thorium3 data to Navigant.

As I discussed with you, Salar Ghahary remains the registrant for Thorium3.info and .net. Once you confirm that the person authorized to release Thorium3 data for Network Solutions is the same as the person authorized to release Thorium3 data for Amazon Web Services, we will prepare a similar affidavit for Salar Ghahary and expect Jeremy Lehman to obtain that authorization. Alternatively and preferably, as stated above and as we discussed, all authorizations for accessing Thorium3 data to can be transferred to Jeremy Lehman so that Jeremy can promptly provide full access. Nothing you state in your email suggests that Jeremy Lehman cannot be made the registrant for all data stored under all Thorium3 domains and subdomains on one days' notice, which may be most expeditious way to access all the data needed for the investigation, all of which will be subjected to the protocol described above.

Finally, with regard to access to devices, you told me that Jeremy Lehman has an assistant who works on Thorium matters. Will you have her devices available at your office on Monday for cloning? We are expecting access to devices used by individuals for

Thorium business from January 1, 2014 to the present.  If Anna Thomas is one of those individuals, then we are looking for access to her devices.  Jeremy should take steps to arrange the access to Thomas' devices and the devices of others who performed any work for Thorium since its inception.

As you know, if Experian files a court action, we can obtain court orders to access these devices and data.  You and your client have asked that Experian conduct its investigation before filing an action.  The quality of Experian's investigation is limited by the access provided.  If access is incomplete, Experian cannot complete its investigation,  Therefore, we expect your client to take all lawful steps to facilitate access to all Thorium Data Sciences data by Navigant Consulting so that Experian can complete its investigation.

Please provide the requested information asap.  If you have questions please call my cell.

Sue

---

**From:** Bylsma, Jon M. [mailto:jmbylsma@varnumlaw.com]
**Sent:** Friday, February 20, 2015 4:14 PM
**To:** Susan M. Benton
**Cc:** Turner, Abril
**Subject:** RE: Jeremy Lehman

Sue,

I am writing to follow up with our conversation earlier this week regarding Experian and Jeremy Lehman.

We would like to cooperate in every way possible to provide Experian the assurance that there has been no breach of any obligations Mr. Lehman has under his Settlement Agreement and General Release with Experian.  His rights under that agreement are substantial and important to him, and we expect to provide Experian every access possible to show there has been no breach of that agreement and no damage in any way to Experian.

Mr. Lehman will provide his personal electronic devices for forensic copy subject to a protocol consistent with our conversation this week that protects the attorney/client privilege and, a topic I think you are aware of but we did not discuss, personal information of Mr. Lehman and his family.  Regarding this part of your request, please provide me with the

specifics of the protocol you are suggesting, including the name of the third party vendor and the scope of work they are being asked to perform.  Mr. Lehman's devices will be at my offices for your vendor to make copies on Monday.

You mentioned that Experian would like the devices of others that had worked for Thorium.  Thorium Data Services, LLC has no employees, other than arguably Mr. Lehman, but of course did work with others in an effort to determine a business model of what Thorium would become.  A woman named Anna Thomas did participate in Thorium for a time and I had assumed you meant her, but I want to confirm.  Ms. Thomas has not been involved with Mr. Lehman's efforts to find work or make a living for many months now, and she did not have any company electronic devices, but we would be willing to contact her to determine if she would be willing to cooperate.  My understanding is that Ms. Thomas lives in New Jersey.

Regarding other devices or data storage, you mentioned the Thorium3 domain and subdomains hosted by or redirected from Network Solutions. This domain provides access to three services: a web site; the git, jira, and confluence applications used by developers; and email. The domain was managed by Salar Ghahary for his design agency Cevant.  Several of Cevant's clients' web sites shared the same account with Thorium at Network Solutions. Mr. Lehman did not have administrator rights. When Salar ceased involvement with Thorium, he wanted to segregate his client's assets and so turned over control to Trevor Watkins.

It is my understanding that Trevor Watkins is willing to cooperate and provide access.  Regarding git.thorium3.com and jira.thorium3.com (both of which are redirected by Network Solutions to Amazon Web Services), Trevor has agreed to provide a read only account. The git repository contains code that is the property of Trevor's client and covered by a confidentiality agreement. Regarding email, Trevor has agreed to provide access.

It is also my understanding that Trevor has additionally offered to share statements of work for his company's client engagements. He is  also willing to discuss a period of on-going sharing of client contracts and financial information. Trevor is offering this to reach an understanding that, once satisfied, Experian will cease further investigation. Experian should contact Trevor directly.

I look forward to touching base with you on Monday to coordinate the visit by your vendor to my offices to get this process started.  Have a

good weekend.

**Jon M. Bylsma**
Direct: 616 / 336-6530
Cell: 616 / 481-0488

<image001.gif>

| | |
|---|---|
| Varnum | Main: 616 / 336-6000 |
| 333 Bridge Street NW | Fax: 616 / 336-7000 |
| Grand Rapids, Michigan 49504 | www.varnumlaw.com |

---

**From:** Susan M. Benton [mailto:sbenton@greensfelder.com]
**Sent:** Friday, February 20, 2015 5:04 PM
**To:** Bylsma, Jon M.
**Cc:** Turner, Abril
**Subject:** Jeremy Lehman

Jon,

I left a voicemail at your office number.  Please let me know where we stand on getting access to Jeremy Lehman's devices and the devices of the assistant for Thorium in Grand Rapids on Monday.  You can reach me any time today and through the weekend on my cell 312-560-0717 to discuss this and the other outstanding issues.

Sue

**Susan M. Benton**
Greensfelder, Hemker & Gale, P.C.
200 West Madison Street, Suite 2700
Chicago, IL 60606
Direct: 312-345-5087
Fax: 312-419-1930
www.greensfelder.com

<image002.png>

CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged.  This information is intended to be for the use of the addressee named on this transmittal sheet.  If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this e-mail information is prohibited.  If you have received this e-mail in error, please notify us by telephone (collect) at (312) 419-9090 immediately so that we can arrange for the retrieval of the original documents at no cost to you.

Jeremy,

Thank you for keeping the dialog open.

Your response, however, raises additional concerns.  First, Experian has not accessed and cannot legally access without Thorium authorization the Google Drive storage used by Thorium.  Please let us know why you believe "Experian has or had access to the Google Drive."   As you know we are seeking access to all Thorium data stored in Google Drive.

Second, while acknowledging that Thorium Data Science LLC is "[your] company," you now suggest that the data of Thorium Data Science LLC that we seek through Network Solutions and Google Drive is not within your control.  This is not acceptable as a matter of law. Review of records regarding  the registrant for thorium3.com, git.thorium3.com, jira.thorium3.com and confluence.thorium3.com reveals that the registrant was changed from Salar Ghahary in the United States to Trevor Watkins in the UK on January 29, 2015 one week after my January 22, 2015 letter to you and one day after you claim that you received my letter.  This transfer of registrant from a US registrant to a UK registrant suggests an intentional and concerted effort to avoid accessing the data through legal proceedings in the United States.  As your attorney will confirm, once you are on notice of threatened litigation you have a legal duty to preserve all data and information related to that threatened litigation.  This act of moving data offshore is in direct violation of this legal duty and others.

Additionally, while we understand that Thorium organized itself as both a US entity and a UK entity in order to operate legally in both countries, all of the documents we have reviewed to date demonstrate that the US and UK individuals work as one team.  Your attempt to disassociate yourself and Thorium Data Science LLC from the UK arm of Thorium is not credible.

To move forward short of litigation, we need to promptly reach agreement on how the retrieval and review of data relating to Experian's concerns as stated in my January 22, 2015 letter to you will proceed.  That is, we need to determine in short order whether all of the data we need to evaluate the issues described in my January 22, 2015 letter will be voluntarily provided by you and Thorium Data Science LLC or whether we must proceed with federal court litigation to compel production. If we are not able to reach an agreement, Experian will be filing a lawsuit, which will include claims under the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030) ("CFAA"), based, *inter alia*,  on your unauthorized possession of and access to Experian computers after your employment ended and your destruction of Experian data by deleting the hard drive.

(We have not been able to locate the clone that you mentioned in your earlier e-mail.)

In conducting discovery under the CFAA, the standard protocol is to retain a third party forensic expert to collect and make a mirror image of the devices which may contain relevant information, to subject the data extracted from those devices to search using specified key words, and to review data extracted with the key word search.  To maintain the integrity of the data it is critical that the expert have access to the intact device with no data deletions.  We cannot accept partial production from you or your attorney.  Be assured we have no interest in reviewing your personal photos.  It is unlikely that the specified key words will flag any personal data for further review.  Data covered by the attorney-client privilege can be identified and sequestered before the data search begins using key words agreed upon by counsel. Additionally, the parties can agree that the privilege is not waived by the third party forensic analyst's access to privileged communications.

If we proceed with a claim under the CFAA, we are entitled to include in our damages claim the cost of a third party forensic analyst to retrieve and analyze the data.  See 18 U.S.C. § 1030(e)(11). *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts*, LLC, 2014 WL 7247400, at *6 (6th Cir. Dec. 22, 2014) (finding that "loss" is broadly defined and plainly contemplates costs incurred as part of the response to a CFAA violation, including the investigation of an offense).

We expect you to provide access to all Google Drive data and all data on all Thorium3 sites from Network Solutions  through Trevor Watkins or any other authorized registrant.   If this involves changing the registrant back to a United States registrant, you need to do so immediately.

I believe it will be more efficient for future communication to be handled between our litigation counsel.  Your attorney, Jon Bylsma, can contact our attorney, Sue Benton, at 312-345-5087, sbenton@greensfelder.com.


Abril Turner
Senior Counsel
Experian
714-830-7372