UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPERIAN MARKETING SOLUTIONS,
INC.,

      Plaintiff,

v.

JEREMY LEHMAN,
THORIUM DATA SCIENCE, LLC,

      Defendants.
_____/

File No. 1:15-cv-476

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

On June 18, 2015, this Court entered a preliminary injunction against Defendants Jeremy Lehman and Thorium Data Science, LLC ("Thorium") (ECF No. 28). This matter is before the Court on Defendants' motion to modify the preliminary injunction. (ECF No. 31.) Defendants ask that the Court eliminate Paragraph 3 of the injunction and that Experian be required to post a bond. Plaintiff Experian Marketing Solutions, Inc. ("Experian") has filed a response. (ECF No. 38.) The Court finds that oral argument is not necessary to resolve the motion. For the reasons that follow, the motion will be granted as to modification of Paragraph 3 of the injunction and denied as to the bond requirement.

    I. Paragraph 3

Defendants contend that the Court should eliminate or modify Paragraph 3 of the preliminary injunction, which enjoins Defendant Jeremy Lehman from "(a) developing,

promoting, or selling . . . any products or services that analyze marketing data, and (b) soliciting Plaintiff's employees to develop, market, or sell such products or services for or on behalf of any entity other than Plaintiff." (6/18/2015 Order, ECF No. 28.) This portion of the injunction stems from Experian's claim that Lehman engaged in competitive activity and solicited Experian employees in violation of a settlement agreement between the parties. (*See* Settlement Agreement & General Release, Ex. 4 to Compl.) Defendants note that the non-competition and non-solicitation restrictions that are part of the Settlement Agreement expired twelve months following the termination of Lehman's employment. As alleged in the complaint, Lehman's employment terminated on July 1, 2014. Thus, those covenants expired on July 1, 2015.

Defendants also note that, according to its terms, the Settlement Agreement is governed by New York law. In New York, courts enforce contracts according to the intent of the parties, and generally do not enforce restrictive covenants past the term set forth in the agreement. *See, e.g.*, *Nat'l Survival Game of N.Y., Inc. v. NSG of LI Corp.*, 169 A.D.2d 760 (N.Y. App. Div. 1991) (denying request to extend term of injunction because the non-competition clause had already expired); *Ross v. Food Specialties, Inc.*, 160 N.E.2d 618 (N.Y. 1959) (refusing to rewrite a restrictive covenant so as to expand its scope). On the other hand, where the agreement expressly provides that a restrictive covenant is to be extended for the period that a violating party is in breach, a court will give effect to that provision. *See, e.g.*, *Delta Enter. Corp. v. Cohen*, 93 A.D.3d 411, 412 (N.Y. App. Div.

2012). The Settlement Agreement does not contain such a provision, however. Moreover, non-competition restrictions in employment agreements are generally disfavored under New York law. *See A.N. Deringer, Inc. v. Troia*, 178 A.D.2d 1023 (N.Y. App. Div. 1991) (citing cases).

Experian does not dispute that the foregoing covenants have expired, and it offers no response to Defendants' assertion that New York courts generally do not enforce such covenants past their expiration date.[1] Thus, the Court agrees with Defendants that, under New York law, both the intent of the parties expressed in the Settlement Agreement and the concerns inherent in enforcing a non-competition restriction in an employment agreement favor eliminating Paragraph 3 of the injunction. Experian is not entitled to greater relief than it bargained for in its agreement.

Even if New York law permits an injunction to enforce restrictive covenants past their expiration date in some circumstances, the factors relevant to the grant of a preliminary injunction do not favor a continuing injunction to enforce those restrictions in this case. Although Experian demonstrated a substantial likelihood of success on its claim that Lehman breached these covenants, the existence of ongoing contractual obligations were important to the Court's analysis when it considered the other factors relevant to the issuance of an

---

[1] For instance, it does not argue that it is entitled to an extension of the restrictive covenants to account for the period of time that Lehman was in breach. *See N.Y. Real Estate Inst., Inc. v. Edelman*, 42 A.D.3d 321, 322 (N.Y. App. Div. 2007) ("Where . . . a party unilaterally breaches an agreement not to compete and the time period during which competition was precluded has since expired, such time period may be extended for the length of time that the offending party was in violation of the agreement.") (citing *J.H. Goldberg Co. v. Stern*, 53 A.D.2d 246, 252 (N.Y. App. Div. 1975)).

injunction, including the possibility of irreparable harm to Experian in the absence of an injunction, the possible harm to Lehman as a result of an injunction, and the protection of the public interest. Now that those obligations have expired, the foregoing factors no longer weigh in favor of an injunction.

Experian contends that Defendants' motion is improper because it presents issues that the Court already ruled upon in its opinion and order. With respect to enforcement of the restrictive covenants past their expiration date, however, that is not the case. When Experian sought a preliminary injunction, neither party raised any issue as to whether it would be appropriate to enforce the restrictive covenants after they expired. To the extent that Experian refers to Defendants' new arguments and evidence purporting to establish that Experian's asserted confidential information and trade secrets are not confidential (*see* Defs. Br. in Supp. of Mot. 2-5, ECF No. 32), that information is not necessary for the disposition of Defendants' motion. The Court agrees that Paragraph 3 of the injunction is no longer warranted, for reasons that are unrelated to Defendants' new arguments and evidence.

Experian also contends that Defendants' motion is untimely; however, the Court has authority to modify any of its orders at any time before entry of judgment. Fed. R. Civ. P. 54(b). In addition, the Court has "inherent" power to modify its injunction. *Yolton v. El Paso Tenn. Pipeline Co.*, No. 02-75164, 2007 WL 3037709, at *2 (E.D. Mich. Oct. 17, 2007) (citing *Sierra Club v. U.S. Army Corp of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984)). Indeed, Experian acknowledges that an injunction can be modified based on a change of facts. In

4

this case, the terms in the Settlement Agreement on which Paragraph 3 of the injunction is based are no longer in effect. Consequently, it is appropriate for the Court to consider whether or not that portion of the injunction is still warranted. *See id.* ("'When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place.'") (quoting *Sierra Club*, 732 F.2d at 257). Thus, the Court rejects Experian's contention that Defendants' request is untimely or is otherwise improper.

Experian argues that the non-competition and non-solicitation restrictions in Paragraph 3 of the preliminary injunction are not based solely on the Settlement Agreement, they are also based on its claim that Defendants have misappropriated its trade secrets. However, Paragraphs 1 and 2 of the injunction directly address, and adequately protect, Experian's asserted interests in its trade secrets. Consequently, Defendants' motion will be granted insofar as it seeks to modify the injunction to eliminate Paragraph 3.

II. Bond Requirement

Next, Defendants contend that Experian should be required to post a bond. *See* Fed. R. Civ. P. 65(c) (requiring a preliminary injunction to be accompanied by "security" from the movant "in an amount proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). "While this language appears to be mandatory, 'the rule in [the Sixth Circuit] has long been that the district court possesses discretion over whether to require the posting of security.'" *Appalachian Reg'l Healthcare*,

*Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 431 (6th Cir. 2013) (quoting *Moltan Co. v. Eagle–Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995)). "A court errs when it 'fail[s] to . . . expressly consider[] the question of requiring a bond' *when the issue has been raised.*" *Id.* (quoting *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978)) (emphasis added). "Otherwise, it has 'broad discretion in setting the bond amount.'" *Id.* (quoting *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 400 (6th Cir. 2012)).

The Court did not expressly consider the question of requiring a bond because the parties did not raise the issue. The Court now finds that a bond is not necessary. As noted by the Sixth Circuit, "a party seeking a security bond regularly estimates the damages it will suffer if it complies with a preliminary injunction." *Appalachian Reg'l Healthcare, Inc.*, 714 F.3d at 432. Defendants have not done so here. Indeed, at the preliminary injunction hearing, Defendants' counsel suggested that the injunction would have a minimal impact on Lehman, if any, because his day-to-day activities and his business activities would not change. Defendants now contend that the injunction, as entered, effectively prevents Lehman from making a living analyzing marketing data; however, the portion of the injunction which might restrict Lehman in this manner (Paragraph 3) will be eliminated. Consequently, the Court cannot discern any basis for setting a bond in this matter. Therefore, the Court will deny Defendants' motion insofar as it requests a bond.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to modify the injunction (ECF No. 31) is **GRANTED** in part and **DENIED** in part.

**IT IS ORDERED** that the June 18, 2015 preliminary injunction order is **MODIFIED** to eliminate Paragraph 3.  An amended injunction order will be issued.

**IT IS FURTHER ORDERED** that Defendants' request for a bond in support of the injunction is **DENIED**.


Dated: August 17, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE